# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY E. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06 C 6021 |
| SERGIO RODRIGUEZ, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Aramark Correctional Services, Inc. (identified in the complaint as Aramark Corp.) has moved to dismiss the claims of *pro se* plaintiff Jeffrey Johnson pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Court denies Aramark's motion.

### Facts

The facts for purposes of this motion are taken from Johnson's complaint. On November 4, 2004, Johnson was arrested and detained at the Cook County Jail. Aramark is the food service provider to the jail. While in jail, Johnson, who suffers from AIDS, was seen by a doctor who ordered that he receive a high calorie diet and an evening snack to take with one of his medications. A copy of this order was sent to Aramark. In addition, a rabbi serving as a chaplain at the jail asked Aramark to provide Johnson with Kosher meals. When Aramark failed to comply with these directives, Johnson sent a letter to Aramark "stating they were injuring me and disregarding medical orders issued by the medical staff." Compl. ¶ 14.

Johnson subsequently brought this action against Aramark and various jail and Cook County officials, claiming deliberate indifference to his serious medical needs and violation of his right to the free exercise of his religion. Aramark has moved to dismiss for failure to state a claim.

**Discussion**

A complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (*per curiam*) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007)). When ruling on a motion to dismiss for failure to state a claim, a judge "must accept as true all of the factual allegations contained in the complaint." *Id.* Allegations in a *pro se* complaint must be liberally construed and are held to "less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

1. **Medical indifference claim**

Johnson's first claim is that Aramark violated his Eighth Amendment rights by its deliberate indifference to his serious medical needs in denying him the diet he says was ordered by the jail physician. *See Estelle,* 429 U.S. at 106. Under *Estelle,* a plaintiff must meet a two part standard to sustain a claim. First, the plaintiff must allege an objectively serious medical need, defined as a need diagnosed by a physician as requiring treatment or so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Johnson v. Snyder,* 444 F.3d 579, 584-85 (7th Cir. 2006). Second, the plaintiff must allege that the defendant "subjectively knew of and disregarded a substantial risk of harm to the inmate." *Davis v. Carter,*

452 F.3d 686, 696 (7th Cir. 2006).[1]

Aramark argues that Johnson's complaint fails to state a claim because he has failed to "state the directives of such 'medical diet' and how Aramark failed to comply with the orders of this 'medical diet.'" Def.'s Mem. at 5. Aramark also argues that "plaintiff has not pled that he suffered any damages as a result of being denied this 'medical diet.'" *Id.* The Court disagrees. Johnson's complaint alleges that a jail doctor ordered that Johnson be given a "high calorie diet" with a "special evening diet snack," Compl. ¶ 7, and that Aramark failed to provide him with this diet, resulting in injury. Compl. ¶ 14. These allegations are sufficient to give Aramark fair notice of Johnson's claim.

**2.    Free exercise of religion claim**

Johnson also alleges that Aramark has violated his First Amendment right to the free exercise of his religion by failing to provide him with Kosher meals. It has long been established that "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley,* 482 U.S. 78, 84 (1987). Courts, however, typically give deference to prison officials in reviewing their regulations and uphold restrictions that are "reasonably related to legitimate penological objectives." *Id.* at 87.

In determining whether a challenged regulation is reasonable, courts consider (1) whether there is a valid, rational connection between the regulation and the interest asserted; (2) whether alternative means of exercising the right remain open to the prisoner; (3) the effect the requested

---

[1] Aramark, a corporate entity, can be held liable under § 1983 only if a corporate policy caused the Constitutional violation. *See Woodward v. Correctional Med. Servs. Of Ill. Inc.,* 368 F.3d 917 (7th Cir. 2004). Aramark has not raised this point in its motion to dismiss, but it may be a matter for further litigation down the road.

accommodation will have on the guards, other inmates and the allocation of prison resources; and (4) whether there is some alternative which will accommodate the prisoner's needs with a *de minimis* impact on the jail's asserted needs. Turner, 482 U.S. at 89 -91.

Aramark's first argument is that Johnson has not stated a free exercise claim because he has failed "to identify whether he is Jewish, whether his practice requires him to follow a Kosher diet and whether the food trays he were served were not Kosher." Def.'s Mem. at 4; Def.'s Reply at 3. The Court disagrees; Johnson's complaint, read liberally as required at this stage of the case, includes the necessary allegations. In his complaint, Johnson makes specific reference to his meetings with a rabbi at the jail, his wish to be able to keep a Kosher diet, and the rabbi's request for such a diet on Johnson's behalf. These allegations permit a reasonable inference that Johnson is Jewish and wishes to adhere to a Kosher diet. As noted earlier, Johnson has also alleged that he complained that he was not being given such a diet.

Aramark also argues that Johnson has failed to state a claim because its refusal to provide Kosher food is reasonably related to a legitimate penological interest. Def.'s Mem. at 5. Specifically, Aramark argues that providing Johnson with a Kosher diet would be expensive and administratively burdensome on the jail and that the jail's interest "is in running a simplified food service and a cost efficient food service which is in furtherance of penological interest." *Id.* Though these considerations may appropriately be taken into account in determining the propriety of Aramark's alleged practice, the Court does believe that the necessary weighing of the factors cited earlier appropriately can be done at this early stage of the case. Among other things, without knowing more about the degree of burden that would be imposed on the jail and the other alternatives available to Johnson and other Jewish detainees, the reasonableness of

4

Aramark's alleged practice cannot be determined.  *See generally Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990) (reversing grant of summary judgment against Muslim inmate who claimed his meals should be served on plates that did not contain pork); *Conyers v. Abitz,* 416 F.3d 580, 585 (7th Cir. 2005) (reversing grant of summary judgment against prisoner who claimed his First Amendment rights had been violated because he was not allowed to participate in the Ramadan fast; citing cases going both directions regarding the weighing of the interests involved in religion / dietary issues in correctional institutions).  *See also, e.g., McEachin v. McGuinnis,* 357 F.3d 197, 203 (2d Cir. 2004) (overturning dismissal of prisoner's complaint alleging that an undue burden was placed on his right to practice his religion because he was unable to break the Ramadan fast with properly blessed food); *Baranowski v. Hart,* 486 F.3d 112, 122 (5th Cir. 2007) (ruling against prisoner who sued based on denial of Kosher diet, but doing so on summary judgment, not a motion to dismiss for failure to state a claim).

Johnson's complaint also states a claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1.  Though Johnson did not specifically identify RLUIPA in his complaint, this omission does not bar such a claim.  *See, e.g., Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992) ("the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal").  Under RLUIPA, government officials are prohibited from imposing a substantial burden on the religious exercise of a person confined to an institution unless they demonstrate that they have acted in furtherance of a compelling governmental interest and have used the least restrictive means of furthering that interest.  42 U.S.C. § 2000 cc-1(a).  To state a claim under this provision, a prisoner "need allege only that the prison has substantially burdened a religious belief."  *Lindell v. McCallum,* 352 F.3d 1107,

1110 (7th Cir. 2003). A substantial burden is one that puts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Thomas v. Review Bd. of Indiana Employment Sec. Div.,* 450 U.S. 707, 718 (1981). Johnson's complaint, read liberally, alleges a "substantial burden" under *Thomas*. Though Aramark's actions might well be upheld at the summary judgment stage, Johnson's complaint is sufficient to withstand a motion to dismiss.

**Conclusion**

For the reasons stated above, the Court denies Aramark's motion to dismiss [docket no. 42]. Aramark is directed to answer the complaint on or before July 18, 2007. The Court grants defendant Schonecker's motion to dismiss [docket no. 31]. Johnson failed to respond to the motion as ordered, and his complaint does not identify any misconduct by Schonecker or any involvement in any other person or entity's misconduct. The case is set for a status hearing on July 19, 2007 at 9:30 a.m. Because it appears that plaintiff is no longer at the Cook County Jail and may be a work release center or halfway house, he is directed to appear at the status hearing if he is able to do so. If he is unable to appear, plaintiff should provide advance written notice to the Court by July 16, 2007 and should, in that notice, describe plaintiff's current custodial status.

_____
 MATTHEW F. KENNELLY
 United States District Judge

Date: July 2, 2007